UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| REGIONAL DISTRICT COUNCIL, By and Through DANIEL S. PARKER, In His Representative Capacity as President, | ) ) ) ) |
| and | ) ) |
| REGIONAL LOCAL UNION NO. 847, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO, By and Through DONALD A. ZAMPA, In His Representative Capacity as Administrator, | ) ) ) ) ) ) ) ) |
| and | ) ) |
| REGIONAL DISTRICT COUNCIL WELFARE TRUST FUND, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| REGIONAL DISTRICT COUNCIL TRAINING TRUST, By and Through Its Board of Trustees, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MILE HIGH RODBUSTERS, INC. | ) ) |
| Defendant. | ) ) |

Civil Action No.

**COMPLAINT**

COME NOW Plaintiffs, Regional District Council; Regional Local Union No. 847, International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, AFL-CIO; Regional District Council Welfare Trust Fund, By and Through Its Board of Trustees; Regional District Council Vacation Trust Fund; and Regional District Council Training Trust, By and Through Its Board of Trustees and for their Complaint against Mile High Rodbusters, Inc., state as follows:

**Parties**

1. Plaintiff Regional District Council ("Plaintiff Regional District Council") is a voluntary unincorporated association existing pursuant to the laws of the State of Florida, is an "employee organization" within the meaning of § 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(4), and is a labor organization within the meaning of § 1(5) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 151(5).

2. Plaintiff Regional District Council is an intermediate body of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("International Association"). The territorial jurisdiction of the Regional District Council includes the State of Colorado, among others. Daniel S. Parker (hereinafter "Plaintiff Parker") is the President and duly authorized representative of Plaintiff District Council, and is authorized to bring this cause of action in his representative capacity on behalf of Plaintiff District Council to enforce a Collective Bargaining Agreement.

3. Plaintiff Regional Local Union No. 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Plaintiff Regional Local

Union ") is a voluntary unincorporated association existing pursuant to the laws of the State of Arizona, is an "employee organization" within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), and is a labor organization within the meaning of Section 1(5) of the LMRA, 29 U.S.C. § 151(5).

4. Plaintiff Regional Local Union is an affiliated local union of the International Association and is affiliated with the District Council. The territorial jurisdiction of Plaintiff Regional District Council includes the State of Colorado, among others. Donald A. Zampa (hereinafter "Zampa") is the Administrator of Plaintiff Regional Local Union and duly authorized representative of Plaintiff Regional Local Union, and is authorized to bring this cause of action in his representative capacity on behalf of Plaintiff Regional Local Union to enforce a Collective Bargaining Agreement.

5. Plaintiff Regional District Council Welfare Plan and Trust (hereinafter "Plaintiff Welfare Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The Plaintiff Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. Plaintiff Regional District Council Vacation Trust Fund (hereinafter "Plaintiff Vacation Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The Plaintiff Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

7. Plaintiff Regional District Council Training Trust (hereinafter "Plaintiff Training Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The Plaintiff Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

8. Together, the foregoing Plaintiff Welfare Trust, Plaintiff Vacation Trust and Plaintiff Training Trust shall be referred to as the "Plaintiff Funds." All Plaintiffs shall be referred to together as "Plaintiffs."

9. Defendant Mile High Rodbusters, Inc. (hereinafter "Defendant Mile High"), is a Colorado corporation maintaining its principal place of business at 12445 East 39th Street, Unit 505, Denver, Colorado 80239.

10. Defendant is, was and at all relevant times has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145.

## Jurisdiction and Venue

11. Jurisdiction of the Court arises pursuant to 28 U.S.C. § 1331, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145 and section 301 of the LMRA, 29 U.S.C. § 185.

12. Venue is properly in this District pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that Defendant is located and may be found in this District and the breaches complained of herein occurred and are continuing to occur in this District.

**Facts Common to All Counts**

13. At all relevant times, Defendant Mile High has been signatory to a valid and binding Collective Bargaining Agreement (the "Agreement") with the Regional District Council and the Regional Local Union.

14. The Regional District Council and Regional Local Union are, were and have been the exclusive representative of Defendant's bargaining unit employees as provided in the Agreement.

15. The Agreement is a contract between and employer and a labor organization within the meaning of Section 301 of the Labor-Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

16. The Agreement requires Defendant to file reports of hours worked by its employees and to pay contributions, including fringe benefit contributions, dues and wage deductions, to the Regional District Council, the Regional Local Union and the Plaintiff Funds at specified rates for hours worked by its employees in covered employment under the Agreement.

17. The Agreement requires Defendant to file reports and make contributions by the fifteenth (15th) of each month for the prior month's work.

18. The Agreement provides that if Defendant does not timely pay fringe benefit contributions, Defendant shall be liable for interest in the amount of one and one-half percent (1.5%) per month on such unpaid amounts.

19. The Agreement provides that if Defendant does not timely pay fringe benefit contributions, Defendant shall be liable for accounting fees, attorneys' fees, auditing fees and expert fees in the event of litigation to collect the unpaid contributions.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers such as Defendant who are obligated to make contributions to a multi-employer employee benefit plan to do so in accordance with the terms of the collective bargaining agreement or plan.

21. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

(C)   an amount equal to the greater of—

    (i)   interest on the unpaid contributions, or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)   such other legal or equitable relief as the court deems appropriate.

22. As of the date of this Complaint, Defendant is delinquent in its obligation to report and pay contributions to the Plaintiff Funds in the amount of at least $38,951.28 (hereinafter the " Fringe Benefit Delinquency").

23. As a result of the failure to make required payments to the Plaintiff Funds, Defendant is in violation of its duties under the Agreement, the trust documents establishing the Plaintiff Funds, to which Defendant specifically agreed to be bound, and ERISA.

24. Defendant is delinquent in its obligations to report and pay contributions to the Plaintiff Funds and the Plaintiff Funds are entitled to the relief provided in the Agreement and ERISA, namely, an award of contributions due, interest, liquidated damages, accounting fees, attorneys' fees, expert fees and costs.

25. Demand has been made upon Defendant that resolve the Fringe Benefit Delinquency in order to avoid further legal action, but Defendant has failed and refused to do so.

26. As a result of Defendant's failure to make the required contributions, the Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a. Enter Judgment for the Plaintiff Funds and against Defendant Mile High;

    b. Enter an Order awarding the Plaintiff Funds the amount of at least $38,951.28, subject to proof;

    c. Enter an Order awarding the Plaintiff Funds interest in the amount of one and one-half percent (1-1/2%) per month on all contributions awarded and appropriate post-judgment interest, in the amount of at least $1,900.00 as of the date of this Complaint;

    d. Enter an Order awarding the Plaintiff Funds liquidated damages in the amount of twenty percent (20%) of the delinquency, in the amount of at least $7,790.26;

    e. Enter an order awarding the Plaintiff Funds their attorneys' fees, auditing fees, accounting fees, expert fees and other costs;

      f.      Enter an interlocutory Order that Defendant Mile High submit all remittance reports or forms, and pay all contributions in a timely manner going forward; and

      g.      Enter orders for such further relief as the Court deems proper in the premises.

## COUNT II

COME NOW Plaintiffs, by undersigned Counsel, and for Count II of their Complaint against Defendant Mile High Rodbusters, state as follows:

27. Plaintiffs reincorporate and restate paragraphs 1 through 26 of Count I of their Complaint, as if fully set forth herein.

28. The Agreement requires Defendant to check-off dues and working assessments and to forward them to the Union.

29. The Agreement requires Defendant to remit such check-off amounts to the Union, along with a list of covered employees, by the fifteenth of each month.

30. The Plaintiff Funds are the authorized collection agent under the Collective Bargaining Agreement and related Trust agreements for contributions and deductions required under the Collective Bargaining Agreement and such check-off amounts are processed by the William C. Earhart Company in Portland, Oregon.

31. As of the date of this Complaint, Defendant has become delinquent in its obligation to report and pay contributions, in the amount of at least $24,404.83 (hereinafter the "Local Delinquency").

32.     As a result of the failure to make required payments, Defendant is in violation of its duties under the Agreement to which Defendant specifically agreed to be bound.  The Local Union is entitled to an award of contributions due.

33.     Demand has been made upon Defendant that resolve the Local Delinquency in order to avoid further legal action, but Defendant has failed and refused to do so.

34.     As a result of Defendant's failure to make the required contributions, the Plaintiff Regional Local Union has been harmed.

WHEREFORE, the Plaintiff Funds pray that the Court:

a.  Enter Judgment for Plaintiff Regional Local Union and against Defendant Mile High;

b.  Enter an Order awarding Plaintiff Regional Local Union the amount of at least $24,404.33, subject to proof;

c.  Enter an Order awarding Plaintiff Regional Local Union appropriate pre-judgment and post-judgment interest;

d.  Enter an Order awarding Plaintiff Regional Local Union its attorneys' fees and costs;

e.  Enter an interlocutory Order that Defendant Mile High submit all remittance reports or forms, and pay all contributions in a timely manner going forward; and

f.  Enter orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

 /s/ James R. Kimmey
James R. Kimmey, No. 51148MO
4399 Laclede Ave.
St. Louis, MO 63108
(314) 531-1054 (tel.)
(314) 531-1131 (fax)
jkimmey@hghllc.net

Attorneys For Plaintiffs

**Regional District Council**
208 E. New York Avenue
Deland, FL 32724

**Regional Local Union No. 847**
3131 West Lewis Ave.
Phoenix, AZ 85009

**Regional District Council Welfare Trust Fund**
**Regional District Council Vacation Trust Fund**
**Regional District Council Training Trust**
3140 Northeast Broadway Street
Portland, OR 97232