IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00214-REB-KLM

REGIONAL DISTRICT COUNCIL, by and through Daniel S. Parker, in his representative
capacity as President,
DANIEL S. PARKER, in his representative capacity as President of Regional District
Council,
REGIONAL LOCAL UNION NO. 847, INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO, by and
through Donald A. Zampa, in his representative capacity as Administrator,
DONALD A. ZAMPA, in his representative capacity as Administrator of Regional Local
Union No. 847, International Association of Bridge, Structural, Ornamental and Reinforcing
Iron Workers, AFL-CIO,
REGIONAL DISTRICT COUNCIL WELFARE TRUST FUND, by and through its Board of
Trustees,
REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, by and through its Board of
Trustees, and
REGIONAL DISTRICT COUNCIL TRAINING TRUST, by and through its Board of Trustees,

      Plaintiffs,

v.

MILE HIGH RODBUSTERS, INC.,

      Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion for Default Judgment** [Docket

No. 25; Filed September 3, 2013] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and

D.C.COLO.LCivR 72.1C., the Motion is referred to this Court. [#26].

      As an initial matter, entry of a default judgment in a civil case requires that the Court

has personal jurisdiction over the defendant.  *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir.

2010).  Plaintiffs bear the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff[s] need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant.  *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010).  Plaintiffs' Complaint identifies Defendant as a Colorado corporation.  *See Compl.* [#1] ¶ 9.  Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association.  Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).

On February 1, 2013, Plaintiffs filed a Proof of Service [#7] on Defendant.  According to this document, a copy of the summons was served on an individual named "Brian" located at "Mile High Rodbusters" on January 31, 2013.  However, there is no indication in this document, or elsewhere on the docket, regarding the identity of "Brian" and whether he is an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B); *see Summons* [#7]; *Motion for Entry of Default* [#11]; *Motion for Default Judgment* [#25].  The Court therefore finds that Plaintiffs have not demonstrated that Defendant has been served in accordance

with Fed. R. Civ. P. 4(h)(1)(B).  Further, Plaintiffs have failed to demonstrate that they have complied with the service requirements for the State of Colorado (where this Court sits). *See* Fed. R. Civ. P. 4(e)(1).  The Court therefore finds that Plaintiffs have failed to demonstrate that Defendant was properly served in accordance with Fed. R. Civ. P. 4(e).

"A default judgement entered when there has been no proper service of the complaint is improper and void . . . ."  *United States v. Zotter*, No. 11-0002, 2011 WL 1792533, at *2 (W.D. Pa. May 9, 2011) (citing Fed. R. Civ. P. 55(c), 60(b)(4); *Petrucelli & Ratzinger, GMBH*, 46 F.3d 1298, 1303-04 (3d Cir. 1995)).  Thus, the Court need not address Plaintiffs' arguments on the merits.  *See Zotter*, 2011 WL 1792533, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Comp., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985)). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#25] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk's Entry of Default [#12] is **STRICKEN**.

IT IS FURTHER **ORDERED** that, **on or before November 8, 2013**, Plaintiffs shall file adequate proof of service on Defendant.  **Failure to timely file adequate proof of service on Defendant may result in a recommendation that this matter be dismissed in its entirety**.

Dated:  October 7, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge