IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00214-REB-KLM

REGIONAL DISTRICT COUNCIL, by and through Daniel S. Parker, in his representative
capacity as President,
DANIEL S. PARKER, in his representative capacity as President of Regional District
Council,
REGIONAL LOCAL UNION NO. 847, INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO, by and
through Donald A. Zampa, in his representative capacity as Administrator,
DONALD A. ZAMPA, in his representative capacity as Administrator of Regional Local
Union No. 847, International Association of Bridge, Structural, Ornamental and Reinforcing
Iron Workers, AFL-CIO,
REGIONAL DISTRICT COUNCIL WELFARE TRUST FUND, by and through its Board of
Trustees,
REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, by and through its Board of
Trustees, and
REGIONAL DISTRICT COUNCIL TRAINING TRUST, by and through its Board of Trustees,

      Plaintiffs,

v.

MILE HIGH RODBUSTERS, INC.,

      Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' **Motion for Partial Default Judgment**

**and an Order Compelling an Accounting** [#42][1] (the "Motion").  Pursuant to 28 U.S.C.

§ 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion is referred to the undersigned for

_____

    [1]  "[#42]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Recommendation.

recommendation [#43].  Plaintiffs seek partial default judgment against Defendant, which

has not entered an appearance in this action.  For the reasons set forth below, the Court

**RECOMMENDS** that the Motion [#42] be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Plaintiffs filed this lawsuit on January 28, 2013, alleging violations of the Employee

Retirement Income Security Act of 1974 ("ERISA").[2]  *Compl.* [#1].  Defendant is a signatory

to a Collective Bargaining Agreement (the "Agreement") with Plaintiff Regional Local Union

No. 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron

Workers, AFL-CIO (the "Regional Local Union") and Plaintiff Regional District Council.  *Id.*

¶ 13.   According to the Agreement, these Plaintiffs are collectively the exclusive

representative of Defendant's bargaining unit employees.  *Id.* ¶ 14.   The Agreement

requires Defendant to file reports of hours worked by its employees and to pay

contributions to Plaintiffs Regional District Council Welfare Trust Fund, Regional District

Council Vacation Trust Fund, Regional District Council Training Trust (collectively, the

"Trusts"), Regional District Council, and Regional Local Union.   *Id.* ¶ 16.   These

contributions include fringe benefit contributions and dues and wage deductions.  *Id.*  The

---

[2]  Plaintiffs also assert a claim pursuant to the Labor-Management Relations Act of 1947
("LMRA").  *Compl.* [#1] ¶¶ 1, 3, 11, 15, 27-34; *Motion* [#42-1] at 2.  Although the Complaint [#1] is
unclear, Plaintiffs state in the Motion [#42-1] that "Count II is brought . . . pursuant to LMRA . . . to
enforce the [Collective Bargaining] Agreement, which requires Defendant to check-off dues and to
deduct and contribute working assessments and IMPACT contributions."  The Motion does not
explicitly state that Plaintiffs are not seeking default judgment on Count II.  However, the title of the
Motion indicates that Plaintiffs are seeking partial default judgment and, further, Plaintiffs'
discussion of damages only refers to ERISA.  Accordingly, the Court construes the Motion as only
seeking default judgment on Count I of the Complaint for violation of ERISA.  *See Motion* [#42-1]
at 1-2 ("Count I, brought . . . pursuant to ERISA, seeks to enforce . . . a Collective Bargaining
Agreement . . . [under which] Defendant is required to make fringe benefit contributions on behalf
of certain employees . . . .").

amounts contributed depend on specified rates for hours worked by Defendant's employees during employment covered by the Agreement. *Id.* The Agreement requires Defendant to file reports and make contributions on the fifteenth day of each month for the prior month's work. *Id.* ¶ 17. The Agreement also provides that if Defendant does not timely pay fringe benefit contributions, then (1) Defendant is liable for interest on the unpaid amounts at a rate of 1.5% per month, and (2) Defendant is liable for accounting fees, attorneys' fees, auditing fees, and expert fees in the event that litigation is required to collect unpaid contributions. *Id.* ¶¶ 18-19. Defendant is now delinquent in its obligation to report and pay contributions to the Plaintiff Trusts and has therefore violated its duties under the Agreement. *Id.* ¶¶ 22-23. Demand was made on Defendant to resolve its delinquency, but it failed to do so. As a result Plaintiffs instigated the present lawsuit, primarily seeking damages. *Id.* ¶ 25.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against parties who fail to appear or otherwise defend a lawsuit. Here, Entry of Default [#40] was proper because Defendant failed to respond to Plaintiffs' Complaint [#1]. Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained. *See Grady v. Swisher*, No. 11-cv-02880-WYD-KLM, 2014 WL 3562794, at *5 (D. Colo. July 18, 2014).

### A.   Jurisdiction

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendants. *Dennis Garberg &*

*Assocs., Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).   The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

### 1.      Subject Matter Jurisdiction

Plaintiffs assert that the Court has federal question jurisdiction over this matter because the action arises out of alleged violations of ERISA.   *Compl.* [#1] ¶ 11.   Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   Because Plaintiffs' ERISA cause of action arises under federal law, the Court has jurisdiction over the subject matter. Accordingly, based on federal question jurisdiction, the Court finds that it has subject matter jurisdiction over this dispute.

### 2.      Personal Jurisdiction

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendant.   *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).   The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant.   *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010).   Plaintiffs' Complaint identifies Defendant as a corporation.   *Compl.* [#1] ¶ 9.   Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service on a corporation, partnership, or association.   Such an

organization may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which in turn permits service by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Here, Plaintiffs served Defendant according to Colo. Rev. Stat. § 7–9–704(2), which provides in relevant part:

> If an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.

Plaintiffs have demonstrated that the registered agent for Defendant was not located at its registered agent address. *Aff. of Aaron Stephens* [#32-1] ¶ 2; *Advice to Court Regarding Return of Service* [#35-1] at 1-2. They have also demonstrated that they served Defendant at its principal address by certified mail and that a Domestic Return Receipt was signed by Bryan Connolly. *Aff. of Aaron Stephens* [#32-1] ¶ 4; *Certificate of Return Receipt* [#35] at 1-2; *Advice to Court Regarding Return of Service* [#35-1] at 2. The Court therefore finds that Defendant was properly served in compliance with Fed. R. Civ. P. 4(h). *See Bolsa Resources, Inc. v. AGC Resource, Inc.*, No. 11-cv-01293-MSK-KMT, 2013 WL 5366959, at *3 (D. Colo. Sept. 25, 2013) (finding proper service under Colo. Rev. Stat. § 7–9–704(2)); *Nat'l Van Lines, Inc. v. AALL Pro Movers, Inc.*, No. 11-cv-01080-REB-BNB, 2012 WL 4378117, at *1 (D. Colo. Sept. 25, 2012) (same); *Redd Iron, Inc. v. Int'l Sales & Servs. Corp.*, 200 P.3d 1133, 1134 (Colo. App. 2008) (same).

Plaintiffs bear the burden of establishing personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). "[P]laintiff[s] need only

make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs, Inc.*, 115 F.3d at 773.  "Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.  In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203.  Plaintiffs assert in the Complaint that Defendant is incorporated in Colorado and has an address in Denver, Colorado.  *Compl.* [#1] ¶ 9; *Aff. of Aaron Stephens* [#32-1] ¶¶ 2,4.  The Court therefore finds that it has personal jurisdiction over Defendant.

**B.     Default Judgment**

**1.     Liability**

Even after a proper Entry of Default [#40], the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered.  *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).  "'There must be a sufficient basis in the pleadings for the judgment entered.'"  *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Greenwich Ins. Co. v. Daniel Law Firm*, No.

07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation.  *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  The Court deems the well-pled facts of the complaint to be true.  *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009 WL 2055186, at *1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Undisputed facts set forth by the moving parties in affidavits and exhibits are also accepted as true.  *Id.*

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment on the ERISA claims against Defendant.  Incorporating the allegations outlined in Section I. above, the Court finds that Defendant has failed to pay all contributions, plus accrued interest and liquidated damages, owed to Plaintiffs.  *See Compl.* [#1] ¶¶ 22-24, 31-34; *Bd. of Trustees, Colo. Sheet Metal Workers' Local 9 Family Health Plan v. J & C Fabricating Co.*, No. 07-cv-01970-REB-MEH, 2009 WL 306731, at *2 (D. Colo. Feb. 6, 2009).  Defendant's failure to remit the required contributions and accrued interest is a breach of its obligations under the Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.  *See Compl.* [#1] ¶ 15; *J & C Fabricating Co.*, 2009 WL 306731, at *2.  Under Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), Defendant is obligated to pay the full amount of its delinquent contributions under the terms of the Agreement, plus interest.  *See Compl.* [#1] ¶¶ 20, 32; *J & C Fabricating Co.*, 2009 WL 306731, at *2.

Because the Court deems the well-pleaded facts of the Complaint to be true, the

Court finds that Plaintiffs have established that Defendant failed to pay the required contributions and interest. Accordingly, default judgment should be entered against Defendant.

**2.    Relief**

In addition to finding that Plaintiffs have a basis for relief, default judgment may not be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo.1984). Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.* The Court accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.* Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Pursuant to Fed. R. Civ. P. 55(b), "[t]he Court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . (B) [d]etermine the amounts; (C) [e]stablish the truth of any allegation by evidence; or (D) [i]nvestigate any other matter." Plaintiffs here explicitly disavow the need for a hearing to determine damages. *Motion* [#42-1] at 3.

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of:
  (i) interest on the unpaid contributions, or
  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) Such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

Plaintiffs seek relief under each provision (A)-(E) of the statute, of which the Court notes the first four are mandatory. *Id.* (stating that "the court **shall** award . . ." (emphasis added)). The Court addresses each in turn.

## 1.      Unpaid Contributions

The Court examines the monetary relief Plaintiffs sought in the Complaint, as "[a] default judgment must not . . .exceed in amount[ ] what is demanded in the pleadings." Fed. R. Civ. P. 54(c). With respect to unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A), Plaintiffs state that as of January 28, 2013, Defendant owed the three Plaintiff Trusts approximately $38,951.28. *Compl.* [#1] ¶ 6. Based on Plaintiffs' assertion that Defendant was required "to file reports and make contributions by the fifteenth (15th) of each month for the prior month's work," *Compl.* [#1] ¶ 17, the delinquency here alleged is Defendant's total delinquency through the end of December 2012.

The Motion seeks an award of $55,543.29 in unpaid contributions for the period of January 2012 through June 2014. [#42-1] at 6. The problem with this request, however,

is that the Complaint [#1] does not provide any indication that Plaintiffs seek any unpaid contributions for any period after December 2012. Careful review of the Complaint reveals no allegation or request for continuous and ongoing relief through the date of any judgment entered in this case. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating that the Court is not required to interpret pleadings to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Thus, even with proper service of the Complaint and Summons, Defendant has had no notice that Plaintiffs are seeking unpaid contributions that accumulated after December 2012. *See Boilermaker-Blacksmith Nat'l Pension Fund v. A & B Welding & Constr., Inc.*, No. 10-CV-2664-CM, 2011 WL 5151965, at *1 (D. Kan. Oct. 28, 2011) (stating that "[t]he purpose of [the default judgment portion of Fed. R. Civ. P. 54(c)] is to provide defending parties with adequate notice of the potential damages for which they may be liable"). Therefore, the Court must limit Plaintiffs' monetary relief to the period of January 2012 through December 2012, pursuant to Fed. R. Civ. P. 54(c).

Plaintiffs have provided sufficient evidence regarding unpaid contributions for the period January 2012 through December 2012 by submitting the Affidavit of Hannah E. Sutton ("Sutton") [#42-7]. Ms. Sutton is the President and CEO of William C. Earhart Company ("Earhart"), which is the Third Party Administrator ("TPA") for the Regional District Council fringe benefit funds, i.e., for Plaintiffs in this matter. [#42-7] ¶¶ 1, 3-4.

> As the TPA for the Plaintiffs, Earhart is responsible in part for receiving and processing Monthly Contribution Reports ("Reports") submitted by contributing employers for the Welfare Fund, Vacation Fund and Training Fund [i.e., the Plaintiff Trusts]. The Reports show the names of the Funds, the applicable contribution rate for each fund (some based in wages paid, others in hours worked) and have spaces for the employer to fill in the total hours worked and total wages paid.

*Id.* ¶ 5.  Based on Earhart's calculations, Defendant owes a total of $34,845.89 in unpaid contributions for 2012.  *Id.* ¶ 9; *Ex. 2A to Aff. of Sutton* [#42-4] (providing a breakdown of outstanding contributions for each month in 2012).  Plaintiff has thus provided the Court with undisputed proof of the damages amount.  The Court finds that this amount does not exceed the $38,951.28 requested in the Complaint.  *See* Fed. R. Civ. P. 54(c).  Therefore, the Court **recommends** that judgment be entered against Defendant for $34,845.89 in unpaid contributions for 2012.  *See J & C Fabricating Co.*, 2009 WL 306731, at *3.

### 2.    Interest on Unpaid Contributions

With respect to interest on unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(B), Plaintiffs provide evidence through Ms. Sutton's Affidavit demonstrating that Defendant owes $14,686.52 in interest on unpaid contributions through July 18, 2014.  *Aff. of Sutton* [#42-7] ¶ 11; *Ex. 2B to Aff. of Sutton* [#42-4] (providing a breakdown of interest calculations for the 2012 unpaid contributions).  Plaintiff has thus provided the Court with undisputed proof of the amount of interest owed.  Therefore, the Court **recommends** that judgment be entered against Defendant for $14,686.52 for interest on the 2012 unpaid contributions. *J & C Fabricating Co.*, 2009 WL 306731, at *3.

### 3.    Additional Interest

With respect to additional interest or liquidated damages, *see* 29 U.S.C. § 1132(g)(2)(C), the Court first notes that the Agreement does not provide for liquidated damages.  29 U.S.C. § 1132(g)(2)(C)(ii); *Motion* [#42-1] at 7; *Aff. of Sutton* [#42-7] ¶ 12. Thus, the Court must award as additional interest an amount equal to the interest on the unpaid contributions.  29 U.S.C. § 1132(g)(2)(C)(i).  Therefore, the Court **recommends** that

judgment be entered against Defendant for $14,686.52 for additional interest on the 2012 unpaid contributions.   *See Carriers Container Council, Inc. v. Mobile S.S. Ass'n, Int'l Longshoreman's Assoc., AFL-CIO Pension Plan & Trust*, 948 F.2d 1219, 1223 (11th Cir. 1991) (stating that this provision essentially equates to "double interest" and "penalize[s] the delinquent payor for imposing the necessity of a suit to collect").

### 4.   Attorneys' Fees and Costs

Under Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145, 1132(g)(2)(D), Defendant is obligated to pay Plaintiffs' reasonable attorneys' fees and costs in this action. *J & C Fabricating Co.*, 2009 WL 306731, at *2, 3.   To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983); *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002).   A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433.   To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment.   *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted).   Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended."   *Case*, 157 F.3d at 1250.   "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of

-12-

reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

As an initial matter, the records submitted by Plaintiffs demonstrate that three attorneys worked on this matter: Michael A. Evans ("Evans"), Jamie L. Reyes-Jones ("Reyes-Jones"), and James R. Kimmey ("Kimmey"). *Aff. of Evans* [#42-3] at 3-13. However, Plaintiffs did not submit "a summary of relevant qualifications and experience" for either Ms. Reyes-Jones or Mr. Kimmey, as mandated by the Local Rules "for each person for whom fees are claimed." D.C.COLO.LCivR 54.3(b)(1). Accordingly, the Court may not entertain a request for attorneys' fees for these two individuals.

Plaintiffs did, however, submit the relevant information with respect to Mr. Evans. *Aff. of Evans* [#42-3] ¶ 2. According to the billing records, he charged $255.00 per hour in this matter. *See id.* ¶ 4. The Court finds that the hourly rate of $255.00 is reasonable. *See, e.g.*, *Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D. Colo. Apr. 24, 2012).

A party seeking an award of attorney's fees must demonstrate that the amount it

seeks is reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  Generally, the starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Id.* at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436-37.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Id.* at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).  Here, Mr. Evans billed for 56.386 of the 74.26 total hours expended by the three attorneys, and Plaintiffs incurred $482.51 in costs, $350.00 of which was the filing fee in this matter.  *Aff. of Evans* [#42-3] at 6-13 & ¶¶ 3, 6.  At $255.00 per hour, attorneys' fees equate to $14,378.43 and, plus costs, equals $14,660.94.  Based on the undersigned's twenty-nine years of combined private and judicial experience and careful consideration of Mr. Evans' affidavit [#42-3] and the issues underlying this matter, the Court finds that $14,660.94 in attorney's fees and costs are reasonable here.  The Court therefore **recommends** that judgment be entered

against Defendant for $14,660.94 in attorney's fees and costs.

### 5.    Injunctive Relief

Finally, with respect to "[s]uch other legal or equitable relief as the court deems appropriate," *see* 29 U.S.C. § 1132(g)(2)(E), Plaintiffs ask in the Motion for an "order compelling [D]efendant to submit to an audit for the period of January 1, 2013 to the present." *Motion* [#42-1] at 7-8. However, the Complaint contains no demand for an audit and, as previously noted, "[a] default judgment must not differ in kind from . . . what is demanded in the pleadings."[3]  Fed. R. Civ. P. 54(c).  *See Drake*, 927 F.2d at 1159. Accordingly, the Court **recommends** that Plaintiffs' request for injunctive relief be **denied**.

### III.  CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Motion [#42] be **GRANTED in part and DENIED in part**.  The Court **recommends** that the Motion be **granted** to the extent that default judgment enter against Defendant on Count I of the Complaint in the amount of $79,079.87, consisting of (1) unpaid contributions for 2012 in the amount of $34,845.89, (2) interest on unpaid contributions in the amount of $14,686.52, (3) additional interest in the amount of $14,686.52, (4) reasonable attorney fees in the amount of $14,378.43, and (5) costs in the amount of $482.51.  The Court **recommends** that the Motion be **denied** as to all other requested relief.

Finally, the Court ordered Plaintiffs to request default judgment on their claims no later than July 29, 2014. *Minute Order* [#41].  Plaintiffs were warned that failure to do so

---

[3] In the Complaint, Plaintiffs merely seek "an order awarding [Plaintiffs] their attorneys' fees, auditing fees, accounting fees, expert fees and other costs" and for "an interlocutory Order that Defendant . . . submit all remittance reports or forms, and pay all contributions in a timely manner going forward . . . ." [#1] at 7-8.  This is not the same type of relief that is requested in the Motion.

could result in dismissal.  Plaintiffs failed to timely file a motion requesting default judgment as to Count II of the Complaint.  Accordingly,

The Court further **RECOMMENDS** that Plaintiffs' Count II of the Complaint be **DISMISSED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 25, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-16-