**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00214-REB-KLM

REGIONAL DISTRICT COUNCIL, by and through Daniel S. Parker, in his representative capacity as President,
DANIEL S. PARKER, in his representative capacity as President of Regional District Council,
REGIONAL LOCAL UNION NO. 847, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, AFL-CIO, by and through Donald A. Zampa, in his representative capacity as Administrator,
DONALD A. ZAMPA, in his representative capacity as Administrator of Regional Local Union No. 847, International Association of Bridge, Structural, Ornamental and ReinforcingIron Workers, AFL-CIO,
REGIONAL DISTRICT COUNCIL WELFARE TRUST FUND, by and through its Board of Trustees,
REGIONAL DISTRICT COUNCIL VACATION TRUST FUND, by and through its Board of Trustees, and
REGIONAL DISTRICT COUNCIL TRAINING TRUST, by and through its Board of Trustees,

      Plaintiffs,
v.

MILE HIGH RODBUSTERS, INC.,

      Defendant.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion for Partial Default Judgment and an Order Compelling an Accounting** [#42][1] filed July 29, 2014; and

(2) the **Recommendation of United States Magistrate Judge** [#44] filed November

---

[1] "[#42]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

25, 2014.  No objection to the recommendation has been filed.  Therefore, I review it for plain error only.  **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the recommendation of the magistrate judge, I approve and adopt the recommendation [#44].

The plaintiffs assert claims under the Employee Retirement income Security Act of 1974 (ERISA).  The defendant is a signatory to a collective bargaining agreement (CBA) with plaintiff Regional Local Union No. 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO (Regional Local Union) and plaintiff Regional District Council.  The CBA requires the defendant to file reports of hours worked by its employees and to pay contributions to plaintiffs Regional District Council Welfare Trust Fund, Regional District Council Vacation Trust Fund, Regional District Council Training Trust (the Trusts), Regional District Council, and Regional Local Union.  The amounts contributed depend on specified rates for hours worked by the employees of the defendant during employment covered by the CBA.  The CBA requires the defendant to file reports and make contributions on the fifteenth day of each month for work done in the prior month.  The CBA provides also that if the defendant does not timely pay fringe benefit contributions, then (1) the defendant is liable for interest on the unpaid amounts at a rate of 1.5% per month, and (2) the defendant is liable for accounting fees, attorney fees, auditing fees, and expert fees in the event that litigation is required to collect unpaid contributions.

The defendant is now delinquent in its obligation to report and pay contributions to the Trusts and has therefore violated its duties under the CBA.  Demand was made

on the defendant to resolve its delinquency, but it failed to do so.  For the reasons detailed in the recommendation [#44], entry of default judgment against the defendant is proper.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That the **Recommendation of United States Magistrate Judge** [#44] filed November 25, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

    2. That the underlying **Motion for Partial Default Judgment and an Order Compelling an Accounting** [#42] filed July 29, 2014, is **GRANTED** in part;

    3. That under Fed. R. Civ. P. 55, **DEFAULT JUDGMENT SHALL ENTER** against the defendant, Mile High Rodbusters, Inc., in favor of the plaintiffs on the claim asserted in Count I of the Complaint [#1];

    4. That the default judgment **SHALL INCLUDE** a total monetary award in favor of the plaintiffs and against the defendant of 79,079.87 dollars for damages, interest, attorney fees, and costs allocated as follows:

        a. unpaid contributions under the CBA for 2012 in the amount of 34,845.89 dollars;

        b. interest on unpaid contributions in the amount of 14,686.52 dollars;

        c. additional interest under 29 U.S.C. § 1132(g)(2)(C)(i) in the amount of 14,686.52 dollars;

        d. reasonable attorney fees in the amount of 14,378.43 dollars; and

        e. costs in the amount of 482.51 dollars;

    5. That otherwise the **Motion for Partial Default Judgment and an Order Compelling an Accounting** [#42] filed July 29, 2014, is **DENIED**;

6. That Count II of the Complaint [#1] is **DISMISSED** with prejudice; and

7. That this case is **CLOSED**.

Dated March 9, 2015, at Denver, Colorado.

                                        **BY THE COURT:**

Robert E. Blackburn
United States District Judge